IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT L. BUTLER                                                        PLAINTIFF

VS.                              Case No. 03-CV-1175

JAMES ROBINSON, Sheriff, Ashley
County, Arkansas; JIM CULP, Investigator,
Ashley County Sheriff's Department;
and CALVIN FRIERSON, City of Hamburg,
Arkansas, Police Department                                             DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed September 28, 2005, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 66) Plaintiff has timely filed his objections to the Report and Recommendation. (Doc. 68) Plaintiff has also filed a supplement to his objections (Doc. 69), which the Court has considered.

The plaintiff, Robert L. Butler, is currently an inmate at the Winn Correctional Center, Winnfield, Louisiana. Butler has filed a complaint, *pro se* and *in forma pauperis*, against James Robinson, Sheriff of Ashley County, Arkansas, Jim Culp, an investigator with the Ashley County Sheriff's Department, and Calvin Frierson, a police officer with the City of Hamburg, Arkansas. While detained at the Ashley County Jail ("AJC"), Butler contends his constitutional rights were violated in the following ways: (1) excessive force was used against him by Calvin Frierson during an incident that occurred at the jail on June 4, 2003; (2) he was denied adequate medical care; and (3) he was subjected to unconstitutional conditions of confinement.

Judge Shepherd conducted an evidentiary hearing on July 28, 2005. After the hearing, Judge Shepherd received materials from the parties and prepared his Report and

Recommendation. Judge Shepherd recommends the complaint be dismissed with prejudice. After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own.

With respect to Butler's excessive force claim, Judge Shepherd reached the merits of the claim and decided Butler and Robert Sivils', a fellow AJC detainee, testimony was not credible. Butler and Sivils testified Frierson struck Butler in his head repeatedly with a flashlight while Butler was handcuffed. Judge Shepherd gave four reasons why Butler's injuries were not as severe as he alleges. First, Butler filed many requests for medical treatment while at AJC, but none mentioned the beating. Second, Butler also testified Frierson broke two of his fingers with blows from the flashlight, but none of the medical records submitted by Bulter establish his fingers were broken. Third, Sivlis' contention that Frierson, a city law enforcement officer, referred to the AJC as "his jail" makes no sense because the jail is maintained by Ashley County. Fourth, Butler's assertion that Frierson entered the bullpen only after Butler was handcuffed was against the weight of the other testimony, including Silvis' testimony. There is no dispute Butler was injured during the incident in the bullpen, but the extent of his injuries do not establish that any law enforcement officer used excessive force. In fact, Butler's injuries appear not to be as great as he would have the Court believe. Also, there is no doubt the officers had to use some force in this situation. The evidence clearly established the inmates, including Butler, refused to leave the bullpen when ordered, lined up against the far wall holding mattresses in front of themselves and held weapons made from metal folding chair legs. The Court agrees Butler's excessive force claim should be dismissed.

With respect to the denial of medical care claim, Butler submitted a number of requests

for medical treatment and AJC officers provided him with a variety of over-the-counter medications. After the bullpen incident on June 4, 2003, Butler was sent to the hospital and treated for three lacerations and x-rayed. The x-rays were normal and the lacerations were stapled. His staples were removed three weeks later. Culp nor any other jailer ever saw Butler manifest any type of medical problems. There is no indication Culp ignored an acute or escalating medical condition or any delay in seeing a doctor adversely affected Butler. There is also no evidence establishing liability on this claim as to Sheriff Robinson in his individual or official capacity.

With respect to the conditions of confinement claim, it is true that on June 4, 2003, the detainees housed in the bullpen received less water than they had bee received on previous days. Butler conceded they received water with their breakfast on June 4, 2003. There is no evidence that the reduction in water caused Butler to become dehydrated. The Court agrees with Judge Shepherd that the evidence presented does not establish any defendant acted with deliberate indifference or that they deliberately deprive Butler of necessary drinking water.

In his objections, Butler argues Judge Shepherd should have issued subpoenas to Rayford Mario, Larry Collins, Adrian Cobb, and Henry Webb. These people were inmates at AJC and were in the bullpen on June 4, 2003. On June 25, 2005, Butler submitted a witness list to the Judge Shepherd, asking the Court to issue writs of subpoenas for nine witnesses. Butler did not provide addresses for seven of the witnesses, including Mario, Collins, Cobb, and Webb. The Court issued a subpoena to Webb because the Court knew the address Webb gave when booked into the AJC. The Court issued subpoenas for Earnest Thompson and Robert Sivlis after searching the Arkansas Department of Corrections website and learning these two witnesses were

incarcerated. The Court also issued a subpoena for Steven Shaw after discovering he had recently been paroled and was being supervised by the Arkansas Department of Correction. Defendants produced two other witnesses. The Court did not know the last known addresses of Cobb, Rayford and Collins and did not issue subpoenas for them. The Court also obtained medical records for Butler from three different facilities. The Court believes Judge Shepherd did an admirable job in assisting Butler by obtaining the presence of witnesses and his medical records. The Court also agrees with Judge Shepherd that the testimony of inmates Cobb, Rayford and Collins would have been duplicative. Judge Shepherd heard a good deal of testimony from both the inmates' perspective and the officers' perspective. Therefore, the Court gives no weight to Butler's objection that his case would have turned out differently had Cobb, Rayford and Collins testified. The Court finds Butler's complaint should be and hereby is dismissed with prjeudice.

      IT IS SO ORDERED, this 3rd day of November, 2005.

                                        /s/ Harry F. Barnes
                                        Hon. Harry F. Barnes
                                        U.S. District Court